IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02577-MSK-MEH

SOUTH PARK MOTOR LINES, INC.,
d/b/a CAST TRANSPORTATION,

    Plaintiff,

v.

KAISER HILL COMPANY, L.L.C.,

    Defendant.

---

## MEMORANDUM OPINION AND ORDER TO REMAND

THIS MATTER comes before the Court on the Defendant's response **(#17)** to the Court's Order **(#10)** directing the Defendant to show cause why the case should not be remanded. Having considered the response and the reply **(#18)**, the Court

**FINDS** and **CONCLUDES** that:

### I. Background

The Plaintiff, South Park Motor Lines, Inc., d/b/a CAST Transportation ("CAST") commenced this action in the Jefferson County District Court in Colorado. It asserts four state law claims against the Defendant, Kaiser-Hill Company, LLC ("Kaiser-Hill") arising from a subcontract requiring CAST to haul hazardous waste away from the Rocky Flats Environmental Technology Site ("Rocky Flats"). These claims are: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) promissory estoppel; and (4) unjust enrichment. According to CAST, Kaiser-Hill wrongfully modified the terms of the subcontract and partially

terminated the same. None of the claims are premised upon an obligation created by federal law.

Kaiser-Hill removed the action to this Court, invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1331. Kaiser-Hill contends that this Court has subject matter jurisdiction for two reasons: (1) the subcontract selects federal law as the applicable law, and therefore resolution of the claims depends upon application of federal law; and (2) because the subcontract pertains to Rocky Flats, important federal interests are implicated in this action.

After considering the Notice of Removal, this Court issued the Order to Show Cause **(#10)** directing Kaiser-Hill to demonstrate why this action should not be remanded to state court. In such Order, the Court explained that it is long-established that parties cannot consent to federal court jurisdiction, citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Kaiser-Hill responded **(#17)** to the Order, and CAST replied **(#18)**.

## II. Issue Presented

The Court must determine whether it has subject matter jurisdiction over CAST's claims.

## III. Analysis

Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Kaiser-Hill argues that the Court has subject matter jurisdiction over CAST's claims pursuant to this statute because they derive from a subcontract which selects federal law as the governing law, and the subcontract implicates national security. CAST argues to the contrary. This is a matter of first impression within the Tenth Circuit.

Federal courts are courts of limited jurisdiction and must narrowly construe statutes conferring federal jurisdiction. *See U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048

(10th Cir. 2004), *cert. denied*, 125 S. Ct. 2964 (2005); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). There is a general presumption against federal court jurisdiction, and the party asserting such jurisdiction has the burden of establishing its existence. *See Kinross v. Utah Railway Co.*, 362 F.3d 658, 661 (10th Cir. 2004). Consistent with this general presumption, parties cannot confer federal court jurisdiction by their consent. *See Penteco Corp. Ltd. Partnership – 1985A v. Union Gas*, 929 F.2d 1519, 1521 (10th Cir. 1991)*; see also Basso*, 495 F.2d at 909. When a court determines that it lacks subject matter jurisdiction over a removed case, it must remand the case to state court. *Cf. Penteco Corp. Ltd. Partnership*, 929 F.2d at 1521 (requiring dismissal for lack of jurisdiction).

For purposes of 28 U.S.C. § 1331, a case arises under federal law if a well-pleaded complaint establishes that federal law creates the cause of action or a plaintiff's right to relief necessarily depends upon a substantial question of federal law. *See Nicodemus v. Union Pacific Corp.*, _ F.3d _, 2006 WL 620878, *2 (10th Cir. Mar. 14, 2006). This means that: (1) a question of federal law must appear on the face of the complaint; and (2) the cause of action must be created by federal law or, if it is a state law claim, its resolution must turn on a substantial question of federal law. *See id.* When examining whether resolution of a claim depends upon a substantial question of federal law, a court focuses upon whether Congress intended to provide a federal forum, as well as questions of federalism. *See id.*; *see also Morris v. City of Hobart*, 39 F.3d 1105, 1111-12 (10th Cir. 1994).

A question of federal law could arise in this action. That possibility appears from the face of CAST's Complaint. Although CAST asserts only state law claims, such claims are premised upon a subcontract which selects federal law as the governing law. In particular, Section H.5 of

the subcontract provides:

> This Subcontract shall be enforced and interpreted, irrespective of the place of performance, by applying the federal law of government contracts. To the extent that federal law is not dispositive of an issue the laws of the State of Colorado shall be applied.

The question, then, is whether the resolution of CAST's claims turns on a substantial question of federal law.

Kaiser-Hill contends that resolution of the claims does turn on a substantial question of federal law for several alternative reasons. It first argues that the choice-of-law provision in the subcontract necessarily creates federal jurisdiction because the subcontract pertains to a prime government contract. In support, Kaiser-Hill principally relies upon *Danis Industries Corp. v. Fernald Environmental Restoration Mgmt. Corp.*, 947 F. Supp. 323 (S.D. Ohio 1996). Although there are some similarities between *Danis* and the case at bar, this Court finds *Danis* distinguishable.

In *Danis*, the plaintiff was a subcontractor on a remediation project at a nuclear facility. The defendant was a general contractor hired by the Department of Energy to supervise the remediation. The subcontract contained a provision that federal common law would apply to the parties' relationship. The subcontractor sued the general contractor in federal court claiming breach of contract and asserting diversity jurisdiction. The general contractor filed a motion to dismiss, arguing that there was no diversity jurisdiction. In response, the subcontractor argued that there was both diversity and federal question jurisdiction. The district court declined to address whether there was diversity jurisdiction, stating that it "probably would agree" there was no diversity. It instead concluded that it had federal question jurisdiction. In reaching this

4

conclusion, the district court grappled with what it characterized as two conflicting concepts: that a claim arising under federal common law states a federal question, but parties cannot confer jurisdiction upon a court by agreement.

In resolving this conflict, the *Danis* court relied upon the following *dicta* from *Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13 (1983): "Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." It also relied upon *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981), for the proposition that federal courts have the power to create common law when a federal rule of decision is necessary to protect federal interests and Congress has given the courts power to develop substantive law. It then adopted a two-pronged test for determining whether a choice-of-law provision creates federal jurisdiction: (1) the choice-of-law provision must be valid under the forum state's choice-of-law rules; and (2) the United States must have a substantial interest in the contract being litigated.

This Court declines to follow *Danis* for several reasons. First, *Danis* is distinguishable on its facts. In *Danis*, the choice-of-law provision exclusively selected federal law and the plaintiff sought to characterize its own claims as federal claims. Here, the parties' contract selects both federal and Colorado law, and it is the Defendant, Kaiser-Hill, which seeks to characterize the claims as federal claims.

Second, the *Danis* court's reliance upon *Franchise Tax Bd.* was misplaced. In *Franchise Tax Bd.,* the Supreme Court considered whether a case was properly removed to federal court.

The plaintiff commenced the action in state court, alleging violations of the state tax code and seeking declaratory relief. The defendants removed the action to federal court. The parties disputed whether the Employment Retirement Income Security Act of 1974 ("ERISA") allows state tax authorities to collect unpaid state income taxes by levying upon funds held in trust under an ERISA plan. The Supreme Court concluded that the federal courts lacked subject matter jurisdiction to resolve this dispute because the plaintiff's well-pleaded complaint did not establish that the case arose under federal law. It did not address whether a choice of law provision in a subcontract to a government contract could confer federal question jurisdiction.

The Court is also reluctant to rely upon the reasoning of *Texas Industries* in this context. In *Texas Industries*, the Supreme Court considered whether federal courts can formulate federal common law. The issue presented was whether federal antitrust laws allow a defendant in a civil case the right to contribution from other participants in a conspiracy. To answer this question, the Supreme Court addressed whether there was a federal common law right to contribution not expressed in the antitrust statutes. Observing that there is "no federal general common law," the Supreme Court acknowledged that in limited circumstances, federal courts can formulate common law. Nothing in *Texas Industries* suggests that a federal court may exercise subject matter jurisdiction over state law claims simply because parties to a contract have agreed that federal law will govern their contractual relationship. Therefore, the Court concludes that the choice of law provision in the contract between CAST and Kaiser-Hill does not confer subject matter jurisdiction over CAST's claims.

Kaiser-Hill also argues that the Court has subject matter jurisdiction because of uniquely federal interests which are involved. This presents an issue of preemption. In some cases, causes

of action which are styled as state law claims are preempted by federal law. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988). Preemption generally occurs when a federal statute clearly governs the field, or when there is a direct conflict between federal and state law. *See id.* However, there is a third, and rarely encountered, type of preemption which occurs when "uniquely federal interests . . . are so committed by the Constitution and laws of the United States to federal control" that federal common law governs the claim. *See id.* Such "uniquely federal interests" include "obligations to and rights of the United States under its contracts," "civil liability of federal officials for actions taken in the course of their duty," and "civil liabilities arising out of the performance of federal procurement contracts." *See id.* at 504-06. However, if the litigation is purely between private parties and does not touch upon any rights or duties of the United States, then federal law does not govern. *See id.* at 506. Federal law also does not govern unless there is a significant conflict between state law and a federal policy or interest. *See Woodward Governor Co. v. Curtiss-Wright Flight Systems, Inc.,* 164 F.3d 123, 127 (2d Cir. 1999) (citing *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 87-88 (1994)); *Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1427 (7th Cir. 1992) (citing *Boyle*, 487 U.S. at 507); *see also Vetro, Inc. v. Active Plumbing and Heating, Inc.*, 403 F. Supp. 2d 1033, 1036 (D. Colo. 2005).

Here, the subcontract is a hauling contract between two private parties. There are no allegations in the Complaint or in the Notice of Removal which suggest that the claims touch upon any rights or obligations of the United States. Therefore, although the subcontract is related to a federal general contract, it is "too far removed from issues of uniquely federal concern to call for the application of federal common law." *See Woodward*, 164 F.3d at 127 (federal common law did not apply to a subcontract involving test stands for weapons bay doors because no federal

interest implicated). In addition, Kaiser-Hill has identified no significant conflict between state law and a federal policy or interest.

Kaiser-Hill relies upon additional caselaw, including two Ninth Circuit cases, for the proposition that the Court has subject matter jurisdiction because the subcontract was under a prime contract connected with national security. Both Ninth Circuit cases are distinguishable. In *American Pipe & Steel Corp. v. Firestone Tire & Rubber Co.*, 292 F.2d 640 (9th Cir. 1961), the district court's jurisdiction rested upon the diversity of the parties, not upon a federal question. It applied federal law to construction of a government contract that was connected with national security, but did not hold that there was federal question jurisdiction under 28 U.S.C. § 1331.

The second Ninth Circuit case, *New SD, Inc. v. Rockwell Int'l Corp.*, 79 F.3d 953 (9th Cir. 1996), involved a subcontract where the subcontractor agreed to design, manufacture and deliver a navigational component for the Strategic Defense Initiative. When the general contractor terminated the contract for convenience, the subcontractor filed suit in state court asserting state law claims. The general contractor removed the action to federal court, asserting that the claims were governed by federal law because the prime contract was connected with national security. Relying upon *American Pipe*, the Ninth Circuit agreed with the general contractor and found jurisdiction.

The Second Circuit declined to follow *New SD* in *Woodward Governor,* stating that its reasoning was flawed because the Ninth Circuit failed to consider the particular subcontract's relationship to any national security interest. This Court respectfully declines to follow *New SD* for the same reason. In *New SD*, the Ninth Circuit neglected to narrowly construe its jurisdiction and instead expanded it beyond what any statute permits based upon *American Pipe*, which did

not support its ultimate conclusion. If Congress desires for subcontracts to federal government contracts to be governed by federal law and subject to federal court jurisdiction, it can enact legislation which accomplishes such result.

Here, CAST's well-pleaded complaint alleges only state law claims. Construing 28 U.S.C. § 1331 narrowly, as it must, the Court concludes that these claims arise under state law notwithstanding any agreement between the parties that federal law would apply to their contractual relationship. Therefore, the Court lacks subject matter jurisdiction over CAST's claims. To the extent that the parties have contractually agreed that federal law governs their claims, the state court can apply such law.

**IT IS THEREFORE ORDERED** that:

(1)    The Order to Show Cause **(#10)** is **DISCHARGED**.

(2)    The Clerk of Court is directed to **REMAND** this case to the Jefferson County District Court in Colorado.

Dated this 4th day of April, 2006

                                        **BY THE COURT:**

                                        */s/ Marcia S. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge